UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID MATHIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00720-JRS-MJD |
| | ) |
| JOHNSON MEMORIAL HOSPITAL D/B/A | ) |
| MILLER'S MERRY MANOR, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. [Dkt. 37.] The motion is fully briefed,[1] and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff brings this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated the Omnibus Budget Reconciliation Act of 1987 ("OBRA") and the Federal Nursing Home Reform Act ("FNHRA"). Plaintiff originally asserted that Defendants had violated 42 U.S.C. § 1396r(b) and (d) in particular. In his proposed Amended Complaint, he alleges that Defendants violated 42 U.S.C. § 1396r(c). Plaintiff seeks to make this change in response to two recent district court opinions that held that section 1396r(c) creates rights that are enforceable under section 1983, while sections 1396r(b) and (d) do not. *See Est. of Tester by & Through Tester v.*

---

[1] The Court notes that Defendants improperly filed an amended response to the instant motion after Plaintiff filed his reply brief. Defendant did not seek leave to do so and did not provide any explanation of the need for an amended response. This was procedurally improper. It appears, however, that the amended response was filed to correct certain scrivener's errors in the initial response. The Court has therefore considered the amended response despite the Defendants' procedural missteps.

*Vill. at Hamilton Pointe, LLC*, 2024 WL 4433040, at *5 (S.D. Ind. Sept. 20, 2024); *Villegas v. Hancock Reg'l Hosp.*, 2024 WL 4581170, at *4 (N.D. Ind. Oct. 23, 2024).[2]

Defendants object to the proposed amendment on the ground that Plaintiff has not shown good cause for it. However, Plaintiff does not seek to add or change any factual allegations; as noted above, Plaintiff seeks only to change the specific legal theory under which he is proceeding. It is well settled that "[t]he Federal Rules of Civil Procedure do not require a plaintiff to allege legal theories." *Sargeant v. Barfield*, 87 F.4th 358, 361 (7th Cir. 2023), *cert. denied*, 2024 WL 4427254 (U.S. Oct. 7, 2024) (citations omitted).

> Accordingly, when a plaintiff does plead legal theories, it can later alter those theories. *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996) ("[T]here is no burden on the plaintiff to justify altering its original theory."); *CMFG Life Insurance Co. v. RBS Securities, Inc.*, 799 F.3d 729, 743-44 (7th Cir. 2015) (plaintiff did not inappropriately add new claim during summary judgment briefing when factual basis was alleged in complaint); *Rabé v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) (noting that, after reversal of dismissal on pleadings, district court would have supplemental jurisdiction over claims not articulated, but implicit, in complaint). As a general rule, district courts should not hold plaintiffs to their earlier legal theories unless the changes unfairly harm the defendant or the case's development—for example, by making it "more costly or difficult" to defend the case, or by causing unreasonable delay. *Vidimos*, 99 F.3d at 222; see also *Whitaker v. Milwaukee County*, 772 F.3d 802, 808-09 (7th Cir. 2014) (plaintiff should have been permitted to proceed on new summary judgment theory that recharacterized already-alleged facts and did not offer "any unfair surprise").

*Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017). Indeed, Plaintiff could have chosen not to amend his complaint and simply asserted his new legal theory—the violation of 42 U.S.C. § 1396r(c)—in his statement of claims,[3] which is not due

---

[2] The Court notes that Plaintiff submitted three exhibits in support of his motion but improperly filed them in one attachment and improperly included two court opinions among them. Plaintiff's counsel shall review the requirements of Local Rule 5-6 and Local Rule 7-1(f) and follow them in all future filings.

[3] While the Seventh Circuit cases cited permitted a change of legal theories in response to a motion for summary judgment, the case management plan used in this district requires a party to

until May 23, 2025.  *See* [Dkt. 24 at 4.]  Accordingly, there is no basis to deny Plaintiff's motion to amend.

Plaintiff's Motion for Leave to File Amended Complaint, [Dkt. 37], is **GRANTED**. Plaintiff shall file his Amended Complaint, in substantially the same form as that found at Docket Number 37-1, **within three days of the date of this Order**.

SO ORDERED.

Dated:  17 DEC 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

set forth their legal theories in a statement of claims (or defense) shortly before the dispositive motions deadline.  *See* [Dkt. 24 at 4] ("A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.").